

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2008

# Ningsih v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ningsih v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 07-1249

CHRISTI NINGSIH,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A79-318-936)
Immigration Judge: Donald V. Ferlise

Submitted pursuant to Third Circuit LAR 34.1(a)
March 24, 2008

Before: McKEE and RENDELL, Circuit Judges,
and TASHIMA, Senior Circuit Judge[*]

(Filed: May 8, 2008)

OPINION

McKEE, Circuit Judge.

Christi Ningsih petitions for review of the final order of removal issued by the

_____

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Board of Immigration Appeals denying her motion to reopen an earlier decision in which the BIA affirmed the Immigration Judge's denial of her application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under Article III of the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. We review the BIA's decision under an abuse of discretion standard, and must uphold the decision unless it is arbitrary, capricious, or contrary to law. *Sevoin v. Ashcroft*, 290 F.3d 166, 173 (3d Cir. 2002). The BIA's findings of fact are reviewed for substantial evidence. *Korytnyuk v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

Ningsih's motion to reopen is based upon changed country conditions. Ningsih argues that the BIA abused its discretion in denying her motion to reopen because it failed properly to analyze the evidence of changed country conditions she submitted which post-dated her original removal hearing.

A motion to reopen will be denied if the BIA determines (1) that the movant has failed to establish a *prima facie* case for relief sought, (2) that the movant has failed to introduce previously unavailable material evidence that justified reopening, or (3) that, in

2

the case of discretionary relief, that movant would not have been entitled to the discretionary relief even if the motion were granted. *INS v. Doherty*, 502 U.S. 314, 323 (1992). Here, the BIA denied Ningsih's application because she failed to establish a *prima facie* case for relief. The IJ had held that the new evidence did not establish a pattern or practice of persecution of Chinese or Christians in Indonesia or show that Ningsih would be individually singled out for persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (explaining requirements under 8 C.F.R. § 1208.13(b)(2)(iii)(A) for *prima facie* case for asylum).

Although the BIA cited our decision in *Lie*, which relied on an older country report, the record establishes that the BIA conducted an independent analysis of the newly submitted material and appropriately concluded that it did not satisfy Ningsih's entitlement to relief. We have reviewed the record and agree that the "changed circumstances" were not such as to support his claim. Accordingly, the BIA did not abuse its discretion in denying relief.

## II.

Accordingly, for the reasons set forth above, we will deny the petition for review.